**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:   JAMES ANTHONY NELSON, a/k/a                No. 11-09-10363 MA
            JIM NELSON and JAYME BETH NELSON,

            Debtors.

**ORDER DENYING MOTION OF ROBERT Y. LEE AND**
**CLARA LEE, TRUSTEES, TO MODIFY AUTOMATIC STAY**

THIS MATTER is before the Court on the Motion to Modify Automatic Stay ("Motion"), filed by Robert Y. Lee and Clara Lee, Trustees of the Robert Yee Lee and Clara Huie Lee Revocable Trust dated 1/12/90 (together, the Lees), by and through their attorneys, Aldridge, Grammer, Jeffery & Hammar, P.A. (David A. Grammer).  The Lees seek to modify the automatic stay pursuant to 11 U.S.C. § 362(d) so they may continue a foreclosure proceeding initiated in the Second Judicial District Court, pending as Cause No. D202-CV-2008-12172 ("State Court Action") against certain real property commonly known as 11524 Hannett Ave. NE, Albuquerque, New Mexico ("Property").   The Lees hold a first mortgage lien on the Property.   The Debtors, James Anthony Nelson and Jayme Nelson, objected to the Motion, asserting that the Property is insured and is necessary for an effective reorganization.  *See* Docket No. 38.   The Court held a final hearing on the Motion on May 14, 2009 and took the matter under advisement.

After consideration of the evidence presented at the final hearing, and being otherwise sufficiently informed, the Court finds that the Lees have failed to establish a lack of equity in the Property.  Furthermore, the Debtors should be given an opportunity to file a plan of reorganization in this Chapter 11 case that includes a proposal to address the considerable issues relating to the Property.   Consequently, the Court will deny the Motion, and in connection

1

therewith FINDS:

1.   The Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 2, 2009.

2.  The Debtors' Schedule A lists several parcels of residential real property, including the Property located at 11524 Hannett.  *See* Exhibit 11.

3.  The value of the Property is $150,000.00.  *See* Movant's Exhibit 11.  *See also,* Purchase Agreement - Residential Resale, Exhibit B

4.  The Lees are the holders of a Real Estate Mortgage ("Mortgage") against the Property executed by James Nelson dated June 10, 2008 in the principal amount of $96,500.00.  *See* Exhibit 1.

5.  The Lees filed a Proof of Claim in the amount of $110,058.72 based on the following: principal balance under the Real Estate Mortgage in the amount of $96,500.00; late charges in the amount of $450.00; interest on principal and late charges from June 10, 2008 to February 2, 2009 in the amount of $7,554.13; collection agent's fees in the amount of $1,975.41; default interest as of November 14, 2008 in the amount of $2,409.91; attorneys' fees as of February 2, 2009 in the amount of $992.50; and costs as of February 2, 2009 in the amount of $176.77.  *See* Exhibit 1.

6.  In 1998, Randy Lockwood and Christine Lockwood (together, the Lockwoods) entered into an agreement with James Nelson to lease the Property ("Agreement").  *See* Exhibit 7.

7.  The Agreement contained a purchase option.  *See* Exhibit 7, ¶ 24.   The Agreement is not recorded.

2

8. The Lockwoods made several improvements to the Property and continue to occupy the Property as their residence.

9. Pre-petition, the Lees filed the State Court Action to foreclose their interest in the Property.

10. The Lockwoods were named in the State Court Action. *See* Exhibit 3.

11. The Lockwoods filed a counterclaim and cross claim in the State Court Action, including a claim for specific performance to enforce the option to purchase the Property and a claim for unjust enrichment based on the value of the alleged significant improvements the Lockwoods made to the Property. *See* Exhibit 3.

12. The Lockwoods filed a Notice of Lis Pendens against the Property, and recorded it in the Bernalillo County real property records. *See* Exhibit 4.

13. The Lockwoods have filed a Proof of Claim in the amount of $43,400.00 based on their claim for improvements to the Property under the lease with option to purchase, an unrecorded real estate contract, and the cross-claims filed in the State Court Action. *See* Exhibit 2.

14. The Debtors dispute the Lockwoods' claims against the Property.

15. Relief from the automatic stay is governed by 11 U.S.C. § 362(d), which provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> > (2) with respect to a stay of an act against property under subsection (a) fo this section, if –
> > > (A) the debtor does not have an equity in such property; and
> > > (B) such property is not necessary to an effective reorganization[.]

3

11 U.S.C. § 362(d).

16. The party seeking relief from the automatic stay bears "the burden of proof on the issue of the debtor's equity in the property[.]" 11 U.S.C. § 362(g)(1). *See also Tirey Distrib. Co. v. Sloan (In re Tirey Distrib. Co.),* 242 B.R. 717, 723 (Bankr.E.D.Okla. 1999)("The party requesting the relief from the automatic stay has the burden of proof on the issue of the debtors' equity in the property and the party opposing such relief has the burden of proof on all other issues.").

17. Once the creditor has demonstrated a lack of equity, the burden shifts to the debtor to show that the property is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2). *See also, In re Anthem Communities/RBG, LLC,* 267 B.R. 867, 870 (Bankr.D.Colo. 2001) (stating that "[t]he creditor must establish the lack of equity and then the burden shifts to the debtor to establish that the property is necessary for an effective reorganization.").

18. Whether to grant relief from the automatic stay is a summary proceeding; its purpose is not to adjudicate the parties' substantive rights. *See In re Roberts,* 367 B.R. 677, 686 (Bankr.D.Colo. 2007)(stating that "a hearing on a motion for relief from stay is a summary proceeding and is not a proceeding where the bankruptcy court adjudicates substantive rights.")(citing *Grella v. Salem Five Cent Sav. Bank.* 42 F.3d 26, 33 (1st Cir. 1994)). Thus, while much of the evidence presented at the final hearing on the Motion concerned the Lockwoods' alleged claims against the Property and their efforts to improve it, the Court makes no determination as to those matters.  Such evidence establishes that there are unresolved issues concerning the Property which may diminish the value of the estate's interest in the Property.

19. The Lees have failed to demonstrate that there is a lack of equity in the Property.

4

The only evidence as to the value of the Property is the Debtors' Schedule A and a purchase agreement offered by the Debtors, both of which establish a value of $150,000.00. The principal amount secured by the Mortgage is $96,500.00, and with late charges, interest, costs, and attorneys' fees, the Lees' proof of claim is $110,058.72. Based on the value of the Property and the Lees' Mortgage, there is at least $39,000.00 in equity.

20. The Court's determination of whether there is equity in the Property must account for the total amount of the liens against the Property, not just the lien represented by the Lees' Mortgage. *See In re Egea,* 167 B.R. 226, 230 (Bankr.D.Kan. 1994) (stating that "the Court must determine equity by deducting the value of the property from the total amount of liens against the property, not just the lien of the moving party."). The Lockwoods have asserted a claim against the Property and have filed a Proof of Claim in the Debtors' bankruptcy case, but their claim is the subject of the cross-claim filed in the State Court Action and is disputed by the Debtors. The Lockwoods' Lis Pendens is merely a notice of their claim against the Property and does not constitute a lien. *See In re Gregory Rockhouse Ranch,* 380 B.R. 258, 264 (Bankr.D.N.M. 2007) ("a notice of lis pendens is 'not effective in itself to create a lien.'")(quoting *Title Guar. and Ins. Co. v. Campbell,* 106 N.M. 272, 277, 742 P.2d 8, 13 (Ct.App. 1987)). Therefore, it is not appropriate to attribute any value to the Lockwoods' claim in order to determine whether there is equity in the Property.

21. The Debtors indicate that they intend to sell the Property, but one of the pending cross claims in the State Court Action is a claim for specific performance. Until those issues are resolved, it does not appear that the Property can be sold free and clear of liens pursuant to 11

5

U.S.C. § 363(f).[1]   Nevertheless, the Debtors should be given an opportunity to propose a plan of reorganization that explains how they intend to resolve the many issues relating to the Property. At this relatively early stage in the bankruptcy case, where the exclusivity period has not yet expired[2], and where there is some equity in the Property, the Court will not grant relief from the automatic stay.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is DENIED, without prejudice.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: May 27, 2009

COPY TO:

George M. Moore
Arin Berkson
Attorney for Debtors
PO Box 216
Albuquerque, NM 87103

David A. Grammer, III
Attorney for Robert and Clara Lee
1212 Pennsylvania NE
Albuquerque, NM 87110

---

[1] *Cf. In re Adamson,* 312 B.R. 16, 21 (Bankr.D.Mass. 2004)(finding that because a lis pendens filed by a party asserting a right to specific performance of a sale of real property did not secure payment and did not constitute a lien or interest against property of the bankruptcy estate, the court could not authorize a sale of the property free and clear of the recorded lis pendens). *See also,* 11 U.S.C. § 363(f)(3) and (4).

[2] Pursuant to 11 U.S.C. § 1121(b), "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). The date of the filing of the voluntary petition is the date of the order for relief. 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."). The Debtors filed their voluntary petition under Chapter 11 of the Bankruptcy Code on February 2, 2009; the exclusivity period will expire on June 2, 2009.