UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JAMES ANTHONY NELSON and
JAYNE BETH NELSON,
    Debtors.                                    No. 11-09-10363 MA

## FINDINGS OF FACT AND CONCLUSIONS
## OF LAW ON WESTGRO'S STAY MOTION

This matter came before the Court for trial on the merits of Westgro, LLC's Motion for Relief from Automatic Stay ("Motion") (doc 42), and the Debtors' Objection thereto (doc 55). Westgro, LLC seeks relief from the automatic stay to continue its state court foreclosure lawsuit in state District Court on Debtors' rental property located at 3848 Inca NE, Albuquerque, NM. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). For the reasons set forth below, the Court finds the Motion is well taken and should be granted.

**FACTS**

The parties stipulated to admission of Westgro's Exhibits W-1 through W-6 and Debtors' Exhibit A. They also stipulated to the following facts:

1. Debtors purchased the property in April, 2008.
2. Debtors have the property leased to a tenant.
3. Westgro, LLC has a properly perfected security interest in the property and the rents therefrom.
4. Debtors have not segregated the rents or paid over the cash collateral through the date of the stay hearing.

5.  The payoff of the mortgage was $218,481.70 as of the date of the hearing.

6.  The appraiser hired by Westgro, LLC will claim the property is undersecured.

The Court finds the following facts:

7.  Heidi Chavez was qualified by the Court as an expert appraisal witness. Her appraisal appears as Exhibit W-6. She placed a value on the property of $ 201,000.00. She also testified that properties in the general area of the subject property dropped between 17.5 and 24.3% over the last 18 months.

8.  The Court finds that the Chavez appraisal fairly states the value of the property as of the appraisal date. The Court finds that Ms. Chavez complied with all standards for appraising the property, went to the property, took photos, measured, inspected, and then looked for comparable properties. The properties she picked as comparables appear reasonable, and it appears she made reasonable adjustments to arrive at a fair market value of the property.

9.  Debtors valued the property on their Schedule A at $250,000.00. Mr. Nelson, who is a general contractor and real estate professional, testified that he purchased the property in April, 2008 for $250,000.00. He believes that $250,000.00 is an accurate current value for the property.

10. The Court found Ms. Chavez more persuasive regarding the value of the property.

11. Westgro, LLC is undersecured.

12. Debtors filed their voluntary petition under Chapter 11 on February 2, 2009.

13. Debtors' Chapter 11 Plan was due by June 2, 2009. The 11 U.S.C. § 1121(b) exclusivity period for filing a plan ran out on June 2, 2009. As of August 11, 2009 Debtors have not filed a Plan or Disclosure Statement.

14. Debtors offered no concrete plan at the stay hearing, other than generalities about writing down their real estate investments and holding them as inventory. The Court finds that there is no reasonable possibility of a successful reorganization within a reasonable time.

15. Debtors currently have the property rented for $1,300.00. The monthly payment called for by the note is $1,912.50.

**CONCLUSIONS OF LAW**

1. Under 11 U.S.C. § 362(d)(2)(A) (to be applied in conjunction with 11 U.S.C. § 362(d)(2)(B)) a debtor must have equity in the property to avoid lifting of the automatic stay. In this case, Debtors lack any equity.

2. Under 11 U.S.C. § 362(d)(2)(B) a debtor must prove that the property is necessary to an effective reorganization to avoid lifting of the automatic stay. To prove this, a

Case 09-10363-j7    Doc 114    Filed 08/13/09    Entered 08/13/09 09:44:02 Page 3 of 4

debtor must show that "the property is essential for an effective reorganization that is in prospect" and that there is a "reasonable possibility of a successful reorganization within a reasonable time."  <u>United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd. (In re Timbers of Inwood Forest Assoc., Ltd.)</u>, 484 U.S. 365, 375-76 (1988). In this case, Debtors did not so prove.

3. The automatic stay should be terminated as to 3848 Inca NE, Albuquerque, NM.  A separate Order will enter.

/s/ James S. Starzynski

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  August 13, 2009

Copies to:

George M Moore
Moore, Berkson & Gandarilla, P.C.
Attorney for Debtors
PO Box 7459
Albuquerque, NM 87194

Michael K Daniels
Attorney for Westgro, LLC
PO Box 1640
Albuquerque, NM 87103-1640

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608